UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SETH D. HARRIS, Acting Secretary of Labor, United States Department of Labor, | ) ) ) | Civil Action |
| Plaintiff, | ) ) | No._____ |
| v. | ) ) | |
| BRANCH 2730, NATIONAL ASSOCIATION OF LETTER CARRIERS, | ) ) ) | |
| Defendant. | ) ) ) | |

COMPLAINT

NATURE OF THE ACTION

1.  Plaintiff brings this action under Title IV of the Labor-Management Reporting and

Disclosure Act of 1959, as amended (Act of September 14, 1959, 73 Stat. 519, et seq., 29 U.S.C.

§§ 481-483, hereinafter referred to as the Act), as applied to the Defendant by the Postal

Reorganization Act at 39 U.S.C. § 1209(b), for a judgment declaring that the November 6, 2012

election conducted by Branch 2730, National Association of Letter Carriers (Defendant) for the

offices of Treasurer, Secretary, President, Vice President, State Convention delegate (4

positions), and National Convention delegate (4 positions), is void and directing Defendant to

conduct a new election for these offices under Plaintiff's supervision, and for other appropriate

relief.

JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to Section 402(b) of the LMRDA,

29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3.  Venue lies in the Eastern District of Louisiana, where Defendant's principal place of business is located, pursuant to Section 402(b) of the LMRDA., 29 U.S.C. § 482(b), and 28 U.S.C. § 1391(b).

PARTIES

4.  Plaintiff Seth D. Harris is the designated Acting Secretary of Labor, United States Department of Labor.  Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5.  Defendant is, and at all times relevant to this action has been, an unincorporated association residing within the Jefferson Parish, Louisiana, within the jurisdiction of this district.

FACTUAL ALLEGATIONS

6.  Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j) and 401(b) of the Act (29 U.S.C. §§ 402(i), 402(j), and 481(b)).

7.  Defendant, purporting to act pursuant to its Bylaws, the National Association of Letter Carriers (NALC) Constitution, and the NALC Regulations Governing Branch Election Procedures (NALC Election Manual) conducted an election of officers on November 6, 2012, and this election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-484).

8.     The Defendant's Bylaws and NALC Constitution incorporate the NALC Election Manual.

9.     Sections 14.2 and 14.3(a-b) of the NALC Election Manual state:

**14.2**  At least twenty (20) days before the pre-announced election date (i.e., the date by which ballots must be received in order to be counted), the Election Committee must mail first-class to all eligible members at each member's last known home address:
a)  Instruction for voting and the deadline for returning marked ballots

2

b) A ballot …
c) A plain envelope marked "secret ballot envelope"
d) A prepaid, business reply or stamped envelope, addressed to the Election Committee at a Post Office Box, with a space for the member's signature, unless the branch uses an alternative identifier on the reply envelope to verify the eligibility of the voter. …

**14.3** Mail voting instructions must be clear and instruct the voter to do the following:
a) How to indicate your choice of candidates. Do not sign your name — otherwise your ballot will be voided. Do not mark the ballot in any other way.
b) Place the marked ballot in the secret ballot envelope. Do not mark the secret ballot envelope.


10. All Branch members in good standing, including retirees, are eligible to vote in the election.

11. Defendant mailed ballot packets to 53 members.

12. Defendant mailed ballots on October 27, 2012.

13. The ballot packet consisted of: (1) the ballot; (2) voter instructions; (3) a secret ballot envelope; and (4) a stamped ballot return envelope.

14. The voter instructions instructed voters to return the reply envelope so that it was received no later than November 2, 2012.

15. The stamped ballot return envelope was addressed to "General Delivery" not a post office box.

16. The general delivery box used by Defendant for the ballot return was open and accessible to all post office employees, including members voting or running for office in the election.

17. Defendant failed to mail ballots to 11 eligible members.

18.  By certified letter dated November 9, 2012, mailed on November 10, 2012, to the Defendant's Election Committee, the complainant, Terence Roberts, a member in good standing of the Defendant, protested the November 6, 2012 election.

19.  By letter dated November 14, 2012, delivered on November 21, 2012, the Defendant's Election Committee denied the protest.

20.  Roberts appealed the decision of the Defendant's Election Committee to the Defendant's Executive Board by certified letter dated November 23, 2012, mailed on November 24, 2012.

21.  By certified letter dated December 28, 2012, mailed on December 29, 2012, Roberts appealed the Defendant's Election Committee decision to the Defendant's Recording Secretary for consideration by the membership.

22.  The envelope addressed to the Recording Secretary, mailed on December 29, 2012, was returned with a post office stamp "Returned to Sender Refused"

23.  Roberts appealed the decision of the Defendant's Election Committee to the National's Committee on Appeals by certified letter dated January 3, 2013, mailed on January 17, 2013.

24.  Having invoked the remedies available for three calendar months without receiving a final decision after invocation, Roberts filed a timely complaint with the Secretary of Labor on March 11, 2013, within the one calendar month required by section 402(a)(2) of the Act (29 U.S.C. § 482(a)(2)).

25.  Roberts complained that Defendant failed to conduct the election in accordance with the requirements set forth in sections 14.2(a-d) and 14.3(a and b) of the NALC Election Manual.

26.  Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), the Plaintiff investigated the complaint and, as a result of the facts shown by his investigation, found probable cause to believe that: (1) violations of Title IV of the Act (29 U.S.C. §§ 481-484) had occurred in the conduct of the Defendant's November 6, 2012 election; and (2) that such violations had not been remedied at the time of the institution of this action.

27.  By letter signed April 18, 2013, the Defendant agreed that the time within which the Plaintiff may bring suit with respect to the Defendant's aforesaid election be extended to May 24, 2013.

FIRST CAUSE OF ACTION

28.  Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), by failing to conduct the aforesaid election in accordance with its Constitution and Bylaws.

SECOND CAUSE OF ACTION

29.  Plaintiff restates and realleges Paragraphs 1-28 as though set forth here in full.

30.  Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), during the conduct of the aforesaid election by failing to mail ballots to all eligible members.

THIRD CAUSE OF ACTION

31.  Plaintiff restates and realleges Paragraphs 1-30 as though set forth here in full.

32.  Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), during the conduct of the aforesaid election by failing to provide sufficient notice of the election.

FOURTH CAUSE OF ACTION

33.  Plaintiff restates and realleges Paragraphs 1-32 as though set forth here in full.

34.  Defendant violated sections 401(c) and (e) of the Act, 29 U.S.C. § 481(c), 29 U.S.C.

§ 481(e), during the conduct of the aforesaid election, by failing to use a post office box or other

secure receptacle for the return ballot delivery.

35.  The violations of sections 401(e) and 401(c) of the Act (29 U.S.C. §§ 481(e) and

481(c)) may have affected the outcome of the Defendant's election for the offices of Treasurer,

Secretary, President, Vice President, State Convention delegate (4 positions), and National

Convention delegate (4 positions).

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a)  declaring the Defendant's election for the offices of Treasurer, Secretary, President,

Vice President, State Convention delegate (4 positions), and National Convention delegate (4

positions) to be void;

(b)  directing the Defendant to conduct a new election for those offices under the

supervision of the Plaintiff;

(c)  for the costs of this action; and

(d)  for such other relief as may be appropriate.

> Respectfully submitted,
>
> STUART F. DELERY
> Acting Assistant Attorney General
>
> DANA BOENTE
> United States Attorney
>
>
> By: _/s/ Brock D. Dupre_____
>     BROCK D. DUPRE (#28563)
>     Assistant U.S. Attorney
>     Eastern District of Louisiana

6

650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone:  (504) 680-3005
Facsimile:  (504) 680-3184
Brock.dupre@usdoj.gov


OF COUNSEL:

M. PATRICIA SMITH
Solicitor of Labor

CHRISTOPHER B. WILKINSON
Associate Solicitor

SHARON E. HANLEY
Counsel for Labor-Management Program

KAREN TORRE
Attorney

U.S. Department of Labor

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 22, 2013, I electronically filed the foregoing with the Clerk

of Court by using the CM/ECF system.  Furthermore, I hereby certify that I will specifically serve

the following via U.S. Certified Mail:

> Kevin Hawkins, Branch 2730 President
> National Association of Letter Carriers
> 1581 Carol Sue Avenue
> Gretna, Louisiana 70056
> MMS# 25001300255

>    /s/ *Brock D. Dupre*
> BROCK D. DUPRE
> Assistant U.S. Attorney