UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


UNITED STATES DEPARTMENT                CIVIL ACTION
OF LABOR


VERSUS                                  NO: 13–3735


NATIONAL ASSOCIATION OF
LETTER CARRIERS                         SECTION "H"(3)


## ORDER AND REASONS

Before the Court is a Motion for Default Judgment.[1] For the following reasons, the Motion is GRANTED, and the November 6, 2012 election is hereby declared VOID. Defendant shall conduct a new election under the supervision of the Secretary of Labor as soon as practicable.

---

[1] R. Doc. 12.

1

## BACKGROUND

This is a civil action for declaratory and injunctive relief under the Labor-Management and Reporting Disclosure Act ("LMRDA"), 29 U.S.C. § 401 *et seq*. The plaintiff is Seth Harris—the Acting Secretary of Labor for the United States Department of Labor. The Defendant is Branch 2730, National Association of Letter Carriers.

Defendant is a local labor organization as defined by the LMRDA. There are 64 members in good standing. On October 27, 2012, Defendant mailed ballot packets to 53 members for an upcoming officer election.[2] The election was held on November 6, 2012 (the "Election").

Terence Roberts ("Roberts")—a member of Defendant in good standing—protested the Election to Defendant's Election Committee on November 14, 2012. The Election Committee denied the protest. Roberts appealed this decision to Defendant's Executive Board and to the National Committee on Appeals but never received a final decision from either body. Roberts also appealed to Defendant's Recording Secretary. The post office returned the appeal with the following stamp: "Returned to Sender Refused."

Roberts filed a complaint with the Secretary of Labor (the "Secretary") on March 11, 2013, alleging the Election did not comply with Defendant's bylaws and constitution. The Secretary investigated the complaint. On April 18, 2013, Defendant agreed to extend the deadline by which the Secretary must file suit under the LMRDA to May 24, 2013.

---

[2] The ballot packets contained (1) a ballot, (2) voting instructions, (3) a secret ballot envelope, and (4) a stamped ballot return envelope.

The Secretary filed the instant action on May 22, 2013, alleging various violations of Title IV of the LMRDA, 29 U.S.C. §§ 481–83. Despite being served with the complaint, Defendant did not respond. Upon motion of the Secretary, the Court entered default. The Secretary now moves for default judgment declaring the Election void and ordering Defendant to conduct a new election under the Secretary's supervision.

## LEGAL STANDARD

Rule 55(a) requires the court to enter default against a party that has failed to plead or otherwise respond to the plaintiff's complaint.[3] Once the court has entered default, all well-pleaded allegations are deemed admitted,[4] and the plaintiff may move for default judgment.[5] If the plaintiff's claim is for a sum certain and the defendant has not appeared in court and is neither a minor nor an incompetent, the motion may be directed to the clerk of court.[6] "In all other cases," the motion must be filed with the district court.[7] The district court should be mindful that "[d]efault judgments are a drastic remedy" only appropriate in "extreme situations."[8]

---

[3] Fed. R. Civ. P. 55(a).

[4] *See Nishimatsu Constr. Co., LTD. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

[5] *See* Fed. R. Civ. P. 55(b).

[6] Fed. R. Civ. P. 55(b)(1).

[7] Fed. R. Civ. P. 55(b)(2).

[8] *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989).

## LAW AND ANALYSIS

Before entering default judgment, the Fifth Circuit has admonished district courts to examine the basis of jurisdiction "both over the subject matter and the parties."[9] In accordance with this mandate, the Court first examines jurisdiction.

I. <u>Jurisdiction</u>

The basic statutory grants of federal court subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Subject matter jurisdiction in this case is premised upon Section 1331, which vests district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[10] The well-pleaded complaint rule governs the existence of federal question jurisdiction *vel non*.[11] Pursuant to this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[12] A federal question is present "when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]."[13]

---

[9] *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001).

[10] 28 U.S.C. § 1331.

[11] *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772 (5th Cir. 2003)

[12] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[13] *Vaden v. Discovery Bank*, 556 U.S. 49, 60 (2009) (alteration in original) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)); *see also Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995) ("[A] suit arises under federal law if there appears on the face of the complaint some substantial, disputed question of federal law.").

The complaint alleges Defendant violated the LMRDA. Because a federal question is clearly presented on the face of the complaint, subject matter jurisdiction is proper. Jurisdiction over the parties is also proper, as Defendant resides in the forum state.

II.  Violation of the LMRDA

The "special purpose" of Title IV of the LMRDA is to ensure free and democratic union elections.[14] Title IV furthers this purpose by fixing the terms during which union officials can hold office, guaranteeing all members have an opportunity to participate in union elections, requiring election by secret ballot, regulating campaign literature, and authorizing the union to impose qualifications for office but only if those qualifications are reasonable and uniformly applied.[15]

Title IV provides a comprehensive procedure for enforcing its terms.[16] Any union member may initiate the enforcement procedure, but he must first exhaust any internal remedies provided by the union or invoke those remedies for three months without obtaining a final decision.[17] The member must then file a complaint with the Secretary within one month of exhausting his remedies or the expiration of the three-month period of futile attempts to invoke those

---

[14] *Int'l Org. of Masters, Mates & Pilots v. Brown*, 498 U.S. 466, 476 (1991).

[15] *See Calhoon v. Harvey*, 379 U.S. 134, 140 (1964).

[16] *See generally* 29 U.S.C. § 482.

[17] *See* 29 U.S.C. § 492(a)(1–2); *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 531 (1972).

5

remedies.[18]

Roberts first invoked his internal union remedies on November 14, 2012. Because he did not receive a final decision by February 14, 2013, Roberts had until March 14, 2013 to file a complaint with the Secretary. Roberts filed the complaint on March 11, 2013.

When a union member timely files a complaint, the Secretary must conduct an investigation to determine if there is probable cause that a violation of Title IV occurred.[19] If he finds probable cause, the Secretary must file suit in federal court within sixty days after receipt of the union member's complaint.[20] The suit shall petition the district court "to set aside the invalid election . . . and to direct the conduct of a[] [new] election . . . under the supervision of the Secretary."[21]

The Secretary conducted the required investigation, found probable cause that Defendant violated Title IV, but did not file suit within sixty days of Roberts's complaint (May 11, 2013). Presumably relying on the agreed-upon extension between he and Defendant, the Secretary filed the instant suit on May 22, 2013. The question presented is whether the parties can agree to modify the sixty-day deadline in 29 U.S.C. § 482(b).

The answer depends on whether the deadline is jurisdictional or instead

---

[18] *Herman v. Local 305, Nat'l Post Office Mail Handlers, LIUNA, AFL–CIO*, 214 F.3d 475, 478 (4th Cir. 2000); *Reich v. Local 399, Int'l Bhd. of Elec. Workers*, 3 F.3d 184, 188 (7th Cir. 1993); *see also* 29 U.S.C. § 482(a).

[19] 29 U.S.C. § 482.

[20] *Id.*

[21] *Id.*

operates more like a statute of limitations.[22] If the latter, the deadline would be subject to "certain equitable considerations."[23] If the deadline is instead jurisdictional, it would be immutable.[24]

The Fifth Circuit has not yet addressed whether the deadline in Section 482(b) is an absolute jurisdictional requirement, but other circuits have. All agree that the sixty-day deadline is subject to extension when equity warrants.[25] Two circuits have applied this rule to the circumstances at bar, finding permissible an agreement between the Secretary and the union to extend the deadline for filing a civil action under the LMRDA.[26] The Court agrees with the analysis in these opinions and finds the instant suit was timely filed.

Having determined that all prerequisites to suit under the LMRDA are satisfied, the Court may now consider the merits. The Secretary will prevail if he proves by a preponderance of the evidence (1) a violation of 29 U.S.C. § 481 (2) that "may have effected the outcome of [the challenged] election."[27] The Court examines each requirement in turn.

Union elections must accord with the bylaws and constitution of the union to the extent those rules are consistent with Title IV.[28] Defendant's bylaws and

---

[22] *See Hodgson v. Lodge 851, Int'l Ass'n of Machinists & Aerospace Workers, AFL–CIO*, 452 F.2d 545, 552–53 (7th Cir. 1971).

[23] *See Marshall v. Local Union 1374, Int'l Ass'n of Machinists & Aerospace Workers, AFL–CIO*, 558 F.3d 1354, 1357 (9th Cir. 1977).

[24] *Cf. id.*

[25] *See id.* at 1357–58; *Hodgson*, 440 F.2d at 1118; *Local 851*, 454 F.2d at 553.

[26] *See Hodgson*, 440 F.2d at 1119; *Local 851*, 454 F.2d at 553.

[27] 29 U.S.C. § 482(c).

[28] *See* 29 U.S.C. § 481(e).

constitution incorporate the National Association of Letter Carriers' Election Manual (the "Manual"). The Manual requires that election packets (1) contain, *inter alia*, a prepaid enveloped addressed to a Post Office Box, and (2) be mailed to all members at least twenty days before the election date.

Defendant violated both of these provisions. As to the latter, Defendant did not mail election packets to 11 members in good standing. Furthermore, by mailing election packets to the other 53 members on October 27, 2012 for a November 2, 2012 election, Defendant failed to comply with the twenty-days-notice provision. As to the former, the stamped ballot return envelope was not addressed to a post office box.

The Court must now determine whether these violations of the LMRDA "may have affected the outcome" of the Election.[29] A proved violation establishes a *prima facie* case,[30] which the defendant can rebut by showing the violation did not effect the outcome of the election.[31] Because the Secretary has established a *prima facie* case which Defendant, by virtue of his default, has failed to disprove, the Court must declare the Election void and order a new election to be conducted under the Secretary's supervision.[32]

III. Entry of Default Judgment

Having verified jurisdiction and liability, the Court now considers whether

---

[29] 29 U.S.C. § 482(c).

[30] *Wirtz v. Hotel, Motel & Club Emps. Union, Local 6*, 391 U.S. 492, 506–07 (1968).

[31] *Reich v. Local 89, Laborers' Int'l Union of N. Am., AFL–CIO*, 36 F.3d 1470, 1478 (9th Cir. 1994); *see also Wirtz*, 391 U.S. at 507.

[32] *See* 29 U.S.C. § 482(c).

8

to enter default judgment. Judgment by default is warranted "when the adversary process has been halted because of an essentially unresponsive party" thereby making impossible the "just, speedy, and inexpensive disposition of [a] case[] on [its] merits."[33] This lawsuit has been pending for approximately fifteen months. The record reveals no excuse for Defendant's total failure to respond. Accordingly, the Court will enter default judgment.

## CONCLUSION

For the reasons previously stated, the Motion is granted.

New Orleans, Louisiana, this 2nd day of September, 2014.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

[33] *See Sun Bank*, 874 F.2d at 276.